CHANCERY

Case 51.

October 25.

The case stated.

# Johnson *vs* Welby and Alexander.

### ERROR TO THE LOUISVILLE CHANCERY COURT.

*Fraud. Failure of consideration.*

JUDGE MARSHALL delivered the Opinion of the Court.

JOSEPH JOHNSON having, in fact, sold and delivered the bill of exchange to the complainants, Welby and Alexander, without being endorsed by him, but with the endorsement of his son, James Hamilton Johnson, who was the payee, and there being no proof of fraud on the part of said Joseph, either in representing that he was the endorser, or in using artifice to conceal the fact that he was not the endorser, or to induce the belief that he was, or in knowingly permitting the complainants to act under such belief; and the allegation of mistake or ignorance, on their part, as to the identity of the person whose name was upon the bill, or as to the precise name which was upon it, not being sufficiently supported by proof, and being, moreover, inconsistent with that vigilance which belongs, ordinarily, *to such a* transaction, and especially when there is no ground shown for the unbounded confidence which the complainants profess to have had in said Joseph Johnson; we are of opinion that they had no right to demand payment from Joseph Johnson for the money and goods given in exchange for the bill, except on the ground of a failure of the consideration for which said money or goods were given; and that the mere non-acceptance and non-payment of the bill, to which said Joseph was no party, did not constitute nor

One who sells a bill of exchange, without any fraud, and who is neither drawer or endorser, is not responsible, except for failure of consideration arising from the non-acceptance,

prove such failure of consideration, if the amount could be recovered from the drawer or the endorser. And although the complainants allege the insolvency of the drawer when the bill of exchange was sold to them, and since that allegation is denied, and there is no proof, nor is there any allegation that the endorser was insolvent when the bill was sold. The case, therefore, does not present that species of fraud which consists in selling a bill of exchange, for money and goods, when the vendor knows that it will not be paid and cannot be enforced—nor is there any proof that Joseph Johnson knew that the persons on whom the bill was drawn were not bound or would refuse to accept and pay it.

<div style="float:right">STRADER<br>vs<br>FORE.<br><br>or non-payment, arising from insolvency of the drawee, and no recovery can be had against such an one 'without allegation and proof to that effect.</div>

On the whole, therefore, we are of opinion, that the complainants have made out no such demand against the defendant, Joseph, as should have been decreed in this case. The decree is, therefore, erroneous and must be reversed, and the cause remanded, with directions to dismiss the bill, without prejudice to any remedy which the complainants may have against said Joseph, on failure to coerce payment of the bill of exchange from the parties thereto, and also to dismiss the cross bill of said Joseph, without prejudice to his claim for the residue of the price for which said bill was sold, should the complainants succeed in collecting the amount thereof, or fail therein, from other causes than insolvency of the drawers and endorsers.

Decree reversed, &c.

*Cates & Lindsey* for plaintiff; *Grigsby* for defendants.